UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT CINCINNATI)

| | | |
|---|---|---|
| JON JERMER, | : | Case No. C-1-02-448 |
| Plaintiff, | : | Judge Sandra Beckwith<br>Magistrate Judge Hogan |
| v. | : | |
| SIEMENS ENERGY &<br>AUTOMATION, INC., | : | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW TAXATION OF COSTS** |
| | : | |
| Defendant. | | |
| | : | |

Although Plaintiff Jon Jermer's Motion to Review Taxation of Costs purports to have been authored by himself *pro se*, it is obvious from the case cites and argument that he did not accomplish it without assistance of counsel. Regardless of the identity of the author, his memorandum in support and letter to this Court are filled with inaccuracies and sheer supposition, just like his original claims against Defendant Siemens Energy & Automation, Inc. ("Siemens"), and his motion should be denied.

Siemens filed its Bill of Costs in September 2003. In April 2005, Jermer's counsel filed a Response to Defendant's Bill of Costs, which stated: "Plaintiff does not dispute that the items noted on Defendant's Bill of Costs are recoverable." Now, almost <u>two years</u> after the Bill of Costs was filed and after the Clerk entered the order granting Siemens its costs, Jermer for the first time now claims that some part of the costs associated with his deposition are objectionable. He has waived that argument by his April 2005 (Doc. No. 42) filing, and his untimely position should be rejected.

In his memorandum, Jermer also argues that his claims were brought in good faith and are reasonable.  He is wrong.  First, Jermer conveniently forgets that his counsel jettisoned two of his four claims (interference with prospective business relations and the Ohio whistleblower claim) after Siemens pointed out their obvious procedural and factual deficiencies in its summary judgment brief.  This Court threw out his third claim (defamation) based on Siemens' motion, finding in its decision that Jermer "…has not identified a single iota of admissible evidence of any allegedly defamatory statements."  These three claims were borderline frivolous under Rule 11, but Siemens chose not to pursue its attorney fees expended in its efforts to dismiss them.  The only one of Jermer's claims that required any analysis whatsoever before dismissal was his public policy claim.  Disregarding his speculative conspiracy theories, this Court found "nothing to support the conclusion that the September 28 decision to discharge jeopardized the cited public policy."  Jermer continues now to proffer these conspiracy theories, arguing in this motion that "this action centered on a safety issue that went far beyond Plaintiff."  He also posits that his attempts to protect his co-workers resulted in the installation of a new air-conditioning unit and prompted the discharge of Siemens' Facility Manager.  The record facts establish no connection, despite Jermer's best attempts to link these unrelated actions to his initiation of the lawsuit.

His fanciful arguments continue in his letter to the Court dated August 5, 2005.  In it, he offers as his rationale for challenging Siemens' entitlement to its costs by claiming that his own former counsel failed to apprize him of the risk of costs being levied against him.  He also misrepresents Siemens' actions as to the release it proffered to him <u>before</u> he filed suit.  Next, he infers that Siemens' lawyers have

benefitted from the case because Joan Gates, Esq., who assisted the undersigned counsel in the defense of Siemens in this lawsuit, partnered with one of his witnesses, Les Ungers, to present a seminar on OSHA in 2002.  Had he read the advertisement he supplied as an exhibit to his letter, he would have seen that Gates and Ungers worked together before Gates attended law school.  Jermer's lawsuit plainly had nothing to do with their seminar efforts.

Last, and perhaps most telling about Jermer, he offers a Google search he ran on himself which brought up the Sixth Circuit's decision affirming this Court's dismissal of his claims.  Unbelievably, Jermer then argues that the presence of this decision on the internet is negatively threatening his job search and may prove to be detrimental to his efforts in getting his life "back in order."  He obviously has forgotten who initiated this lawsuit.  He, not Siemens, elected to pursue four baseless claims.  The blame for his failure to assess the impact of his initiation of the lawsuit on his ability to find a job cannot be shifted to Siemens.

Here, Siemens has already established that its costs of $3,806.55 were necessary to the case, as they stem from depositions it was forced to take to support its dispositive motion.  Jermer's counsel acknowledged this in its filing on April 20, 2005.  Siemens did <u>nothing</u> to prolong this matter and the case was not close or difficult, as this Court and the Sixth Circuit quickly dismissed his claims.

Jermer's actions, on the other hand, were unreasonable, beginning with the advancement of two (and probably three) frivolous claims.  Rather than not plead those claims (or dismiss them before Siemens moved for summary judgment), Jermer and his

counsel forged on, which necessitated Siemens expending its time and money to have them dismissed. As to his public policy claim, Jermer relied upon innocuous comments and exaggerations to support his fanciful belief that Siemens violated the law in selecting him for layoff. Only after tens of thousands of dollars of fees and costs (that are not recoverable) has Siemens finally disposed of Jermer's claims. Siemens received no benefit from this case – none – and changed nothing with respect to its practices as a result of it being filed.

## CONCLUSION

Plaintiff Jon Jermer should not be rewarded for his unreasonable lawsuit. He should be ordered to pay Siemens $3,806.55.

Respectfully submitted,

/s/ Keith P. Spiller
Keith P. Spiller  (0042102)
Trial Attorney
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio  45202
Telephone:  (513) 352-6722
Facsimile:  (513) 241-4771

Attorneys for Defendant Siemens Energy
& Automation, Inc.

- 5 -

## **CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing document was filed electronically. In addition, a copy of the foregoing was also served via first class mail, postage prepaid upon Jon Jermer, *pro se,* 3770 Cambridge Court, Loveland, Ohio 45140, this 16th day of August, 2005.

                                                      /s/ Keith P. Spiller
                                                      Keith P. Spiller

547966.1